IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01766-NYW-SBP

NONNIE BERG,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

## ORDER

---

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge, issued by the Honorable Susan Prose on September 8, 2025 ("Order and Recommendation"). [Doc. 118]. In the Order and Recommendation, Judge Prose recommended that two identical iterations of Plaintiff's "Propose[d] Motion for Leave of Court to Amend Complaint and Jury Demand" ("Motions to Amend"), [Doc. 95; Doc. 96], be denied, [Doc. 118 at 17]. Judge Prose ordered that United's Motion to Strike Plaintiff's Responses to Motion for Summary Judgment, [Doc. 91], be granted, and that four of Plaintiff's filings be stricken, [Doc. 118 at 17 (striking [Doc. 84], [Doc. 85], [Doc. 86], and [Doc. 87])]. Judge Prose further ordered Plaintiff Nonnie Berg ("Plaintiff" or "Ms. Berg") to file another response to Defendant's Motion for Summary Judgment and accordingly denied as moot Plaintiff's Motion [for] Leave to File Out of Time, [Doc. 99], and Plaintiff's Pro Se Motion for Leave to File Corrected Opposition to Summary Judgment, [Doc. 108]. *See* [Doc. 118 at 8, 17].

The Order and Recommendation states that objections to the Order and

Recommendation must be filed within 14 days after its service on the Parties.  [*Id.* at 17 n.9]; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  One day after the 14-day deadline, Ms. Berg filed a "Notice of Appeal" pursuant to "28 U.S.C. § 636(b)(1)(A)," stating that the "appeal is taken to the United States Court o[f] Appeals [f]or the Tenth Circuit."  [Doc. 122 at 1].  Ms. Berg "seeks review o[f] the Magistrate's Order in its entirety and requests that the Court o[f] Appeals reverse, vacate, and set aside the Order."  [*Id.* at 2].

Because Ms. Berg proceeds pro se, the Court must liberally construe her filings, including the Notice of Appeal.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and Plaintiff remains bound by the same procedural rules and substantive law that apply to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

The Court liberally construes the Notice of Appeal as an objection to Judge Prose's Order and Recommendation.  Although the Notice of Appeal is directed to the Tenth Circuit, it specifically seeks review of the Order and Recommendation under 28 U.S.C. § 636, the statute that governs the scope of a magistrate judge's authority.  And if the Court treated the Notice of Appeal as directly appealing the Order and Recommendation to the Tenth Circuit, such an appeal would likely be dismissed for lack of appellate jurisdiction.  The Court referred this case to Judge Prose under 28 U.S.C. § 636(b)(1)(A), [Doc. 10], and "[u]nder § 636(b)(1)(A), a magistrate judge may not issue a final order directly appealable to the court of appeals," *Wheeler v. Am. Heritage Bank*, 175 F. App'x

2

250, 252 (10th Cir. 2006) (quotation omitted); *see also Stallings v. Ritter*, 345 F. App'x 366, 368 (10th Cir. 2009) ("A pretrial order entered by a magistrate judge that has not been reviewed by the district court is generally not an appealable order." (citing *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006)); *Emrit v. Jules*, No. 23-3143, 2023 WL 9600838, at *1 (10th Cir. Aug. 15, 2023) (citing *Phillips* and dismissing appeal of magistrate judge's recommendation for lack of jurisdiction). Given that Plaintiff's Notice of Appeal can be "reasonably read" as an objection, rather than a premature notice of appeal to the Tenth Circuit, the Court will liberally construe it and refer to it as an "Objection." *See Hall*, 935 F.2d at 1110 & n.3. The Court further notes that to the extent that Ms. Berg wishes to appeal this Order to the Tenth Circuit, she may do so in compliance with the applicable Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure.

I.     **Objection to Judge Prose's Recommendation**

When a party objects to a magistrate judge's recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to raise "specific written objections to the proposed findings and recommendations"). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *2121 E. 30th St.*, 73 F.3d at 1059 (quotation omitted).

Here, however, Plaintiff's Objection does not identify any specific errors or issues in Judge Prose's Recommendation. Rather, she makes only the cursory request that the Court review the Recommendation "in its entirety" and "reverse, vacate, and set aside" the Recommendation. [Doc. 122 at 2]. Put differently, Ms. Berg has expressed only a general disagreement with the outcome of the Recommendation, instead of objecting to any particular finding of fact or conclusion of law. Thus, the Objection is insufficient to trigger de novo review of Judge Prose's recommendation. *2121 E. 30th St.*, 73 F.3d at 1059; *see also Jenkins v. Haaland*, No. 2:21-cv-00385-RJS-DAO, 2021 WL 6062369, at *6 (D. Utah Dec. 22, 2021) (declining to conduct de novo review when objection "fail[ed] to identify any specific legal or factual errors" in the recommendation).

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court reviews the Recommendation and Order to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court concludes that the Recommendation that the pending Motions to Amend be denied, [Doc. 118 at 9–15], is thorough, well-reasoned, and a correct

---

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

application of the facts and the law.  The Objection is respectfully **OVERRULED**, and the Recommendation is **ADOPTED**.  Ms. Berg's Motions to Amend, [Doc. 95; Doc. 96], are respectfully **DENIED**.

II.     **Objection to Judge Prose's Order**

When a party objects to a magistrate judge's nondispositive order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Although the Tenth Circuit has not addressed whether a party's objection to a magistrate judge's nondispositive order must be "specific," district courts within the Tenth Circuit routinely interpret Rule 72(a) to require objections to be "specific."  See, e.g., Hawkins v. Ghiz, No. 2:18-cv-00466-DBB-JCB, 2021 WL 308238, at *1 (D. Utah Jan. 29, 2021); Gilmore v. L.D. Drilling, Inc., No. 16-cv-02416-JAR-TJJ, 2017 WL 5904034, at *1 (D. Kan. Nov. 30, 2017); Martin v. Henderson, No. 09-cv-02574-MSK-CBS, 2011 WL 864293, at *2 (D. Colo. Mar. 10, 2011).  And Rule 72(a) expressly advises litigants that "[a] party may not assign as error a defect in the order not timely objected to."

As explained above, Plaintiff's cursory request for review of the Order and Recommendation identifies no specific defects in Judge Prose's order.  See [Doc. 122].  Moreover, the Court concurs with Judge Prose's determination that the filings at issue are duplicative and untimely, violate this Court's Civil Practice Standards, and violate Federal Rule of Civil Procedure 11 through Ms. Berg's continued misuse of generative artificial intelligence.  See [Doc. 118 at 4–7].  **Ms. Berg is expressly advised that continued citations to misstated or nonexistent legal authority may result in more severe sanctions under Federal Rule of Civil Procedure 11, up to and including a filing**

5

**restriction, monetary sanctions, and/or dismissal of this action**. *See Morgan v. Cmty. Against Violence*, No. 23-cv-00353-WPJ-JMR, 2023 WL 6976510, at *7–8 (D.N.M. Oct. 23, 2023) (advising plaintiff that "her *pro se* status will not be tolerated by the Court as an excuse for failing to adhere to this Court's rules," and warning that "future filings with citations to nonexistent cases may result in sanctions such as the pleading being stricken, filing restrictions imposed, or the case being dismissed" (emphasis omitted)). Accordingly, Plaintiff's Objection is respectfully **OVERRULED**.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Order and Recommendation of United States Magistrate Judge [Doc. 118] is **ADOPTED**;

(2) Plaintiff's Notice of Appeal [Doc. 122] is **CONSTRUED** as an objection to the Order and Recommendation and **OVERRULED**;

(3) Both iterations of Plaintiff's "Propose[d] Motion for Leave of Court to Amend Complaint and Jury Demand" [Doc. 95; Doc. 96] are **DENIED**; and

(4) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Ms. Berg at the following address:

> Nonnie Berg
> P.O. Box 51651
> Irvine, CA 92619

DATED: October 30, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge