IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01766-NYW-SBP

NONNIE BERG,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

## ORDER

**Susan Prose, United States Magistrate Judge.**

    This matter comes before the court on Plaintiff Nonnie Berg ("Plaintiff")'s Motion for Leave to Exceed Page Limit ("Motion"). ECF No. 164. The undersigned considers the Motion pursuant to the Order of Reference, ECF No. 10, the memorandum referring the Motion, ECF No. 165, and 28 U.S.C. § 636(b)(1). The court has reviewed the Motion, the related filings, and the applicable law. For the reasons set forth below, the Motion is **DENIED**.

### I.    ANALYSIS

    The court assumes familiarity with the underlying allegations and procedural history in this matter, which is largely irrelevant for the purpose of ruling upon the Motion except as addressed below.

    Plaintiff has moved for leave to exceed the page limit via the Motion within a forthcoming "reply" she is apparently preparing in relation to Defendant United Airlines ("Defendant")'s Motion for Summary Judgment ("MSJ"), ECF No. 76. The Motion is denied for the following reasons.

1

First, as the party responding to the MSJ, as of right, Plaintiff may only file a "response," which has already been filed. *See* ECF No. 152; D.C.COLO.LCivR 7.1(d). Plaintiff has not obtained permission from the court to file a sur-reply to Defendant's MSJ, which is not permitted by right, so it would be premature to consider any motion to exceed the page limit for such a sur-reply. Furthermore, Defendant has not yet filed a reply regarding the MSJ.

The multiple certificates of conferral accompanying Plaintiff's Motion contain significant inconsistencies and potential falsehoods. In one certificate of conferral, Plaintiff represents that she emailed counsel for Defendant at 4:36 a.m. and at 9:02 a.m. on December 5, 2025; in the other, she represents that she emailed counsel for Defendant at 4:47 a.m. and at 8:00 a.m. on December 5. *See* Motion at 6-7. Defendant has stated that counsel for Defendant only received a single email from Plaintiff at 5:05 a.m. on December 5, and that this email prematurely attached the certificate of conferral, which falsely and prematurely stated that Plaintiff had followed up with counsel for Defendant at 8:00 a.m. as well. *See* ECF No. 161 at 1.

Additionally, Plaintiff's Motion was filed at 9:01 a.m. on December 5, 2025. *See* Motion at 1. Even ignoring the other issues with her certificates of conferral, the court has previously warned Plaintiff that she must make "reasonable, good faith" efforts to confer with opposing counsel, as required by D.C.COLO.LCivR 7.1. *See, e.g.*, November 4, 2025 Order, ECF No. 138. Reaching out to counsel for Defendant at 3:46 a.m., then filing her motion just after 9:00 a.m. on the same day, does not constitute a reasonable, good faith effort to confer. Plaintiff must give counsel a reasonable time within standard business hours to respond.

Plaintiff has also failed to file an artificial intelligence certification with her motion despite being directed to do so by the court. *See* December 3, 2025 Order, ECF No. 158.

Pro se litigants' filings are liberally construed, and their pleadings are held to less stringent standards than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nonetheless, pro se parties must comply with the same procedural rules that govern all litigants. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff has fallen far short of doing so here.

Given the court's repeated warnings to Plaintiff, and her continued pattern of ignoring the court's orders and misrepresenting facts within the scope of the court's notice, the court deems it appropriate to discuss these serious matters with the parties in a telephonic status conference scheduled for December 16, 2025 at 10:30 a.m. **Plaintiff's failure to appear at this status conference may result in the court recommending sanctions, up to and including dismissal of this action**. *See* Fed. R. Civ. P. 41(b); D.C.COLO.LCivR 41.1.

## II.    CONCLUSION

For the reasons above, the court **DENIES** Plaintiff's Motion for Leave to Exceed Page Limit.[1]

DATED: December 9, 2025            BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").