IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01766-NYW-SBP

NONNIE BERG,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

**ORDER**

---

**Susan Prose, United States Magistrate Judge**

    This matter comes before the court on Plaintiff Nonnie Berg ("Plaintiff")'s Motion to Compel Discovery, ECF No. 185, Motion for Leave to File Supplemental Brief, ECF No. 191, and Motion for Relief from Order, ECF No. 209 (collectively, the "Motions"). The undersigned considers the Motions pursuant to the Order of Reference, ECF No. 10, the memorandums referring the Motions, ECF Nos. 208 and 211, and 28 U.S.C. § 636(b)(1). The court has reviewed the Motions, the related filings, and the applicable law. For the reasons set forth below, the Motions are **DENIED**.

                        **I.    ANALYSIS**

    The court first notes that Plaintiff's Motion to Compel Discovery fails to comply with the court's previous directions to Plaintiff and Plaintiff's failure to confer with opposing counsel. At the court's December 16, 2025 status conference and in the court's accompanying minute order, the court told Plaintiff that any forthcoming motion to compel could only be filed "after conferral with opposing counsel," that any such motion "must be filed on or before December 31, 2025," and that "[t]he court WILL NOT entertain any requests to extend this deadline." ECF No. 177. In Plaintiff's untimely Motion to Compel Discovery, she states that she only conferred with Defendant "on December 10, 2025" and on "earlier dates," making it clear that she failed to

1

confer with opposing counsel after the court told her she must do so at the December 16, 2025 status conference. Motion to Compel Discovery at 4. Though Plaintiff states that she also "sent an email" to Defendant on December 29, 2025 reasserting a previous request for materials, *id*. at 10, the court does not find that this email represents a good-faith attempt to confer with Defendant before the deadline. Accordingly, Plaintiff's Motion to Compel Discovery is denied.

   In Plaintiff's Motion for Leave to File Supplemental Brief, Plaintiff attempts to explain the delay in filing her Motion to Compel Discovery by referring to email upload issues. Although the court is typically sympathetic to such issues, in this instance, the court was well-aware of Plaintiff's history of attempting to circumvent deadlines and failing to follow proper procedures in this matter when it issued its order stating that it "WILL NOT entertain any requests to extend" the applicable deadline. *See, e.g.*, ECF Nos. 134, 138, 151, 158, and 160. Plaintiff should have taken special care to make sure that her motion was timely filed, and the court accordingly denies her Motion to Compel Discovery. Moreover, in Plaintiff's Motion for Relief from Order, Plaintiff requests relief from the court's order setting the December 31, 2025 deadline because of a medical issue that arose on January 2, 2026, *after* the applicable deadline. The court denies this request as illogical and as duplicative of Plaintiff's request in the Motion for Leave to File Supplemental Brief, and accordingly, denies Plaintiff's Motion for Relief from Order.

   Finally, as Defendant points out, Plaintiff has included an artificial intelligence certification with each of her motions as per the court's direction. Motion to Compel Discovery at 11; Motion for Leave to File Supplemental Brief at 4; Motion for Relief from Order at 9. Plaintiff's Motion to Compel Discovery specifically states that no AI was used in drafting the filing, while the other two filings state that Plaintiff personally reviewed the citations provided therein for accuracy. Nonetheless, as Defendant notes, Plaintiff includes citations to seemingly nonexistent cases within her Motion to Compel Discovery at 6 and 8 ("Hernandez") and Motion for Relief from Order at 4 ("United States v. Miller"). The court has warned Plaintiff on multiple occasions to either avoid using artificial intelligence or to very carefully review her filings in order to avoid this exact scenario. *See, e.g.*, ECF No. 158, 178. Indeed, at the December 16, 2025 status conference in this matter, the court warned Plaintiff that citing nonexistent cases was a ***very*** serious issue, noting that the Tenth Circuit has considered dismissal of an appeal to be an

appropriate sanction under similar circumstances. *See Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025). Accordingly, going forward, the court will consider recommending that this case be dismissed or recommending other, similar sanctions if Plaintiff continues to provide the court with citations to nonexistent cases or otherwise fails to sufficiently review her submissions drafted with the assistance of artificial intelligence.

Noting Plaintiff's history of filing superfluous motions, the fact that discovery closed on March 14, 2025, and the fact that Defendant's Motion for Summary Judgment at ECF No. 76 is now fully briefed, any further motions, barring unique circumstances, are likely to be struck without further analysis pending the court's resolution of the Motion for Summary Judgment.

## II.   CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff's Motions.[1]

DATED: January 28, 2026                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").