**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01766-NYW-SBP

NONNIE BERG,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendants.

---

**MINUTE ORDER**

---

Entered by Judge Nina Y. Wang

    This matter is before the Court on Plaintiff's (1) Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Compel ("Motion for Reconsideration"), [Doc. 215]; and (2) Motion for Extension of Time (or Stay) and Formal Response to the Magistrate Judge's Procedural Warnings; Request for Accommodations ("Motion for Extension") (together, "Motions"), [Doc. 216]. Pursuant to Local Rule 7.1(d), the Court rules on these Motions without waiting for a response. D.C.COLO.LCivR 7.1(d). For the reasons set forth below, Plaintiff's Motions are respectfully **DENIED**.

**I.    Background**

    Plaintiff Nonnie Berg ("Plaintiff" or "Ms. Berg") initiated this employment discrimination lawsuit in July 2023. [Doc. 1]. Ms. Berg filed her operative Second Amended Complaint through counsel, [Doc. 37], but she has proceeded pro se since October 2024, [Doc. 62; Doc. 64]. Discovery in this case closed on March 14, 2025. [Doc. 61]. On April 21, 2025, Defendant United Airlines, Inc. ("Defendant" or "United") moved for summary judgment on all claims. [Doc. 76]. Under this District's Local Rules, Ms. Berg's deadline to respond was 21 days later, or May 12, 2025. D.C.COLO.LCivR 7.1(d). On May 13 and 14, 2025, Ms. Berg filed two responses to United's summary-judgment motion. [Doc. 85; Doc. 87]. The Court struck those responses for, among other things, failure to comply with the Court's Civil Practice Standards. [Doc. 118; Doc. 137]. Both Judge Prose and this Court also warned Ms. Berg that her filings contained erroneous and hallucinated citations consistent with misuse of generative artificial intelligence ("AI"), and that a failure to properly check her citations could result in the striking of Ms. Berg's filings, a filing restriction, or other sanctions. [Doc. 118 at 6–7; Doc. 137 at 5–6]. Judge Prose ordered Ms. Berg to file a corrected response by September 29, 2025. [Doc. 118 at 8].

Ms. Berg then filed four successive motions to extend the deadline for her response. [Doc. 123; Doc. 126; Doc. 132; Doc. 135]. Judge Prose granted <u>all four motions</u>. [Doc. 125; Doc. 128; Doc. 134; Doc. 138]. In doing so, Judge Prose repeatedly advised Plaintiff that her pro se status did not exempt her from the duty to confer under Local Civil Rule 7.1(a). But Judge Prose nevertheless granted the requested extensions—despite Plaintiff's multiple failures to include a certificate of conferral describing adequate good-faith conferral efforts—out of "deference to Plaintiff's pro se status." [Doc. 138]; *see also* [Doc. 126; Doc. 132]. Judge Prose set a final deadline of November 10, 2025 for Plaintiff to respond to United's motion for summary judgment and warned Plaintiff that "[n]o further extensions will be granted." [Doc. 138].

Ms. Berg did not meet the November 10, 2025 deadline. Instead, she filed her response two days later and asked the Court to overlook both her failure to meet the deadline and her failure to comply with the Court's page limits for response briefs. [Doc. 140; Doc. 141; Doc. 142]. Judge Prose granted <u>both requests</u>. [Doc. 144]. Plaintiff then filed a series of motions seeking to amend and/or supplement her response brief. [Doc. 145; Doc. 146; Doc. 152; Doc. 153; Doc. 156]. Judge Prose generally denied these motions, again advising Ms. Berg that she is required to include a certificate of conferral and an AI certification in each motion. [Doc. 151; Doc. 155; Doc. 158].

In December 2025, Ms. Berg filed two motions raising several new discovery-related issues. [Doc. 171; Doc. 174]. At a Status Conference on December 16, 2025, Judge Prose denied those motions for lack of conferral. [Doc. 177]. Judge Prose noted that discovery had long since closed but indicated that she would permit Plaintiff to file a motion to compel discovery no later than December 31, 2025, provided that Plaintiff adequately conferred with United beforehand. [*Id.* at 2]. Judge Prose specifically warned Ms. Berg that she would not "entertain any requests to extend this deadline" and would only consider such a motion if it complied with the Court's rules regarding AI use. [*Id.*]. Judge Prose further warned Ms. Berg that she would recommend filing restrictions if Ms. Berg "continue[d] to file frivolous and repetitive motions." [*Id.* at 1].

Ms. Berg did not meet the December 31, 2025 deadline. On January 2, 2026, she filed what the Court construed as a Motion to Compel Discovery, [Doc. 185], and a Motion for Leave to File Supplemental Brief, [Doc. 191]; *see also* [Doc. 208]. Ms. Berg later filed an additional Motion for Relief from Order Pursuant to Federal Rule of Civil Procedure § 60(b) ("Motion for Relief from Order"). [Doc. 209]. Judge Prose denied all three motions. [Doc. 214]. With respect to the Motion to Compel Discovery, Judge Prose found that the motion lacked adequate conferral, was untimely, and reflected a continued misuse of generative AI. *See* [*id.*].

Ms. Berg now seeks reconsideration of Judge Prose's Order denying the Motion to Compel Discovery. [Doc. 215 at 2]. Ms. Berg argues that she did engage in adequate conferral and that her failure to timely file the motion is excusable based on technical difficulties and a medical event experienced by her husband. [*Id.* at 2–3]. In her Motion for Extension, Ms. Berg also claims that Judge Prose's Order required her to file an unspecified pleading within 30 days, or else the case would be dismissed for failure to

2

prosecute. [Doc. 216 at 1, 7]. Ms. Berg asks the Court to extend this purported deadline and grant her several other accommodations for her medical conditions. [*Id.* at 4–5, 7]. The Motion for Reconsideration includes neither a certificate of conferral nor a certificate regarding AI use. [Doc. 215]. The Motion for Extension does not include a certificate of conferral but does include an "AI disclosure," stating that Ms. Berg used AI but reviewed her filing for "accuracy and completeness." [Doc. 216 at 7].

## II.     Legal Standard

### A.     Motions for Reconsideration

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). As a general principle, courts grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (quotation omitted). "[T]he decision to grant reconsideration is committed to the sound discretion of the district court." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

### B.     Pro Se Filings

In reviewing the Motion, the Court is mindful that Ms. Berg proceeds pro se. The Court thus affords her papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## III.    Discussion

### A.     Motion for Reconsideration

Beginning with the Motion for Reconsideration, the Court is respectfully unpersuaded that Ms. Berg has established that there has been an intervening change in the controlling law, new evidence was previously unavailable, or that there is a need to correct Judge Prose's ruling on Ms. Berg's Motion to Compel Discovery to correct clear error or prevent manifest injustice.

***No Change in Controlling Law.*** As an initial matter, Ms. Berg does not argue, *see* [Doc. 215]—nor does the Court find—that there is any intervening change in controlling law.

3

***No New Evidence Previously Unavailable.***  Nor is this Court persuaded that there is new evidence that was previously unavailable that justifies reconsideration.  To the extent Ms. Berg relies on her caretaking responsibilities or her technical difficulties to excuse her noncompliant conduct, [Doc. 215 at 3], the Court concludes that neither justifies reconsideration based on the record as a whole.  With respect to her husband's medical care, Ms. Berg's assertion that a flare-up from her husband's prior stroke occurred on December 29 differs from her previous assertion that her husband "required an urgent medical appointment" on January 2, 2026.  [Doc. 209 at 2].  Ms. Berg has submitted exhibits reflecting that her husband visited a doctor on January 2, 2026 and was "placed off work" from January 2 to January 4.  [Doc. 215 at 23].

The Court does not doubt that Ms. Berg's caregiving responsibilities take time.  But the Court has repeatedly accommodated Ms. Berg, *see, e.g.*, [Doc. 78 at 2 (Ms. Berg requesting an extension in April 2025 based on her husband's medical needs); Doc. 81 (Judge Prose granting the request in part)], and Judge Prose had expressly warned her that the December 31 deadline would not be extended, [Doc. 177].  As for Ms. Berg's technical difficulties, the Court concurs with Judge Prose's finding that, having been warned that the deadline was firm, Ms. Berg "should have taken special care to make sure that her motion was timely filed."  [Doc. 214 at 2].  Despite Judge Prose's warning, Ms. Berg apparently waited until late afternoon on the day of the deadline to file her motion.  *See* [Doc. 215 at 27–28].  By failing to take adequate precautions to ensure she complied with an expressly firm deadline, Ms. Berg failed to exercise reasonable diligence.  Thus, the Court cannot find that any new evidence justifies reconsidering the Order denying the Motion to Compel Discovery.  [Doc. 214].

Nor is there any evidence that was previously unavailable to demonstrate that Ms. Berg properly conferred with opposing counsel prior to filing her voluminous motions.  Local Rule 7.1(a) requires parties to confer with opposing counsel before filing a motion and to describe the "specific efforts to fulfill this duty" in the motion or an attached certificate.  D.C.COLO.LCivR 7.1(a).  In her Motion to Compel Discovery, Ms. Berg claimed that she conferred with United's counsel on December 10, 2025 and "sent a follow-up email" on December 29, 2025.  [Doc. 185 at 10].  Judge Prose found that the December 10 conferral could not satisfy her instruction at the December 16, 2025 Status Conference that the Parties confer further, and that a single follow-up email is insufficient to satisfy Local Rule 7.1(a).  [Doc. 214 at 1–2].  Ms. Berg now references other communications with United between December 16 and December 31 that she says satisfied her duty to confer.  [Doc. 215 at 5, 15, 17].  Even assuming that these emails do reflect adequate conferral, Ms. Berg does not explain why she omitted these communications from her "Sworn Declaration" that functioned as a certificate of conferral in the Motion to Compel Discovery.  *See* [Doc. 185 at 10].  At a minimum, Ms. Berg failed to properly describe her "specific efforts" to confer.  Judge Prose has repeatedly and expressly advised Ms. Berg that the conferral and corresponding certification required by Local Rule 7.1(a) are not optional.  *See, e.g.*, [Doc. 138; Doc. 151; Doc. 177].  As exemplified by the lack of conferral certificates in the Motion for Reconsideration and Motion for Extension, these warnings have not been heeded.

4

***No Clear Error or Manifest Injustice.*** It is well-settled that "[n]on-compliance with procedures required by a local rule is a proper basis for denying [a] motion." *Aguilera v. City of Colorado Springs*, No. 18-cv-02125-KMT, 2019 WL 3302168, at *9 (D. Colo. July 23, 2019) (collecting cases). And "[w]hile the federal rules do not impose specific timing for filing a motion to compel [discovery], courts retain discretion to determine whether a motion 'is too tardy to be considered.'" *King v. IC Grp., Inc.*, 743 F. Supp. 3d 1346, 1356 (D. Utah 2024) (quoting *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012)). Upon review of the Order denying the Motion to Compel Discovery, this Court finds no clear error or manifest injustice. Ms. Berg's neglect in waiting until now to pursue additional discovery—over nine months after discovery closed and beyond the six-month period between the filing of the motion for summary judgment and the filing of her corrected response—is prejudicial both to Defendant and the function of this Court. United's motion for summary judgment is fully briefed. *See generally* [Doc. 76]. Reopening discovery at this juncture would disrupt the Court's ability to render a summary-judgment ruling and would impose a delay of uncertain length. Such a result contradicts Rule 1's direction that courts <u>and parties</u> adhere to the Federal Rules of Civil Procedure and conduct themselves in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, Plaintiff's Motion for Reconsideration is respectfully **DENIED**.

### B.  Motion for Extension

Ms. Berg's Motion for Extension, [Doc. 216], is defective for multiple reasons. It does not include a certificate of conferral. It seeks extension of a deadline—supposedly a pleading deadline imposed in Judge Prose's Order on the Motion to Compel Discovery—that does not exist. [*Id.* at 1, 6–7]; *see also* [Doc. 214 at 3]. And although Ms. Berg claims she reviewed the AI model's output for "accuracy and completeness" before filing, the Motion for Extension cites to two nonexistent cases and wholly misrepresents another.[1] [Doc. 216 at 5–7]. Ms. Berg also claims that Local Civil Rule 83.1 "expressly permits extensions and other accommodations for parties with disabilities," [*id.* at 6], whereas the actual rule regulates recording devices in federal courthouses, *see* D.C.COLO.LCivR 83.1. As discussed above, Ms. Berg is bound by the same procedural rules as represented parties—including representing such rules accurately to the Court. And fundamentally, the record demonstrates that this Court has repeatedly accommodated Ms. Berg's requests for extensions and was clear that no

---

[1] The fictitious cases cited in the Motion for Extension are "Kelley v. United States, 560 F.3d 1234 (9th Cir. 2019)" and "United States v. Miller, 2025 WL 3471341 (10th Cir. Dec. 3 2025)." *See* [Doc. 216 at 5–6]. The Motion for Extension also cites "Moore v. City of Del City, 981 F.2d 470 (10th Cir. 1992)" as defining the "excusable neglect" standard. [*Id.* at 5]. *Moore v. City of Del City* is a real case, but Plaintiff misstates the reporter information, and *Moore* did not address "excusable neglect." *See Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025).

further extension would be provided beyond December 31 for any motion to compel discovery.

For all these reasons, the Motion for Extension is respectfully **DENIED**. The second, identical version of this motion, [Doc. 217], is **STRICKEN** as duplicative. To the extent Ms. Berg believes that she needs accommodations in any proceedings after the Court rules on United's Motion for Summary Judgment, *see* [Doc. 216 at 4–5], the Court will address those accommodations as appropriate in the future.

### C. Filing Restriction

Finally, the Court recognizes that Ms. Berg is interested in pursuing her claims to their fullest extent. But the Court must resolve United's Motion for Summary Judgment before this case can proceed any further. And Ms. Berg's multitude of filings—many of which are untimely, duplicative, and noncompliant with the rules governing litigation before this Court—do not facilitate the just, speedy, and economical resolution of this case. *See, e.g.*, [Docs. 185–190; Docs. 196–204 (Ms. Berg filing fifteen versions of the document that the Court construed as the Motion to Compel Discovery)]. Ms. Berg's pro se status does not excuse her from complying with this District's Local Rules, this Court's Civil Practice Standards, and the Federal Rules of Civil Procedure. *See Hendrix v. Employer's Reinsurance Corp.*, 26 F. App'x 873, 874 (10th Cir. 2002) ("Pro se litigants must follow the rules of procedure, including local rules."). The Court also concurs with Judge Prose that Ms. Berg's filings reflect a continued misuse of generative AI, despite the numerous warnings that Ms. Berg has received from both this Court and Judge Prose. *See* [Doc. 214 at 2 (Judge Prose highlighting fictitious cases cited in Plaintiff's Motion to Compel Discovery and Motion for Relief from Order)]; *see also* [Doc. 212 at 3 (United noting that Plaintiff's Motion for Leave to File Supplemental Brief also cites to nonexistent Tenth Circuit opinions)]. Given Ms. Berg's misuse of artificial intelligence and violations of court rules, the Court respectfully concludes that a filing restriction is appropriate.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). A filing restriction is appropriate where the Court has (1) described a litigant's history of abusive filings, (2) provided guidelines for what the litigant must do to obtain permission to submit additional filings, and (3) given the litigant notice and an opportunity to respond. *Id.* A district court's decision to impose filing restrictions is reviewed for abuse of discretion. *Calvin v. Lyons*, 770 F. App'x 433, 434 (10th Cir. 2019) (citing *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam)).

Upon review, the Court concludes that the following filing restriction is appropriate:

> Ms. Berg is restricted from filing any additional motion or document without leave of court until this Court rules on United's Motion for Summary Judgment, or until this Court otherwise vacates this Order. The Court will not grant leave to file any motion that lacks a certificate of conferral in

6

      compliance with D.C.COLO.LCivR 7.1(a) and/or a certificate regarding use of artificial intelligence in compliance with this Court's Standing Order regarding AI use.  Any document filed without leave will be stricken automatically and without further explanation.

To the extent Ms. Berg wishes to object to this filing restriction, she may do so by **February 17, 2026**.  If no objection is received, the filing restriction will take effect automatically on that date.  And to the extent United asks the Court to impose further sanctions, [Doc. 212 at 11–12], it may do so through an appropriate motion, *see* D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.").

      For these reasons, **IT IS ORDERED** that:

(1)     Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Compel ("Motion for Reconsideration") [Doc. 215] is **DENIED**;

(2)     Plaintiff's Motion for Extension of Time (or Stay) and Formal Response to the Magistrate Judge's Procedural Warnings; Request for Accommodations [Doc. 216] is **DENIED**;

(3)     The second, identical version of the Motion for Extension, [Doc. 217], is **STRICKEN** as duplicative;

(4)     To the extent Plaintiff wishes to object to the filing restriction proposed herein, she may do so by **February 17, 2026**; and

(5)     The Clerk of Court is **DIRECTED** to mail a copy of this Minute Order to Ms. Berg at the following address:

      Nonnie Berg
      545 West 41st Street
      #1342
      Sioux Falls, SD 57105

DATED:  February 6, 2026