IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3/16/2026
JEFFREY P. COLWELL, CLERK

CIVIL NO.: 1:23-cv-01766-NYW-SBP

NONNIE BERG,

 PLAINTIFF,

v.


UNITED AIRLINES, INC.,

 DEFENDANT

---

**PLAINTIFF'S COMBINED MOTION FOR LEAVE TO (1) SUPPLEMENT THE RECORD; (2) RESTRICT PUBLIC ACCESS TO EXHIBIT 4; AND (3) AUTHORIZE ELECTRONIC FILING PRIVILEGES**

---

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to Local Rule 7.1, Plaintiff hereby certifies that she has conferred in good faith with counsel for United Airlines, Janet M. Himmel, via email on March 13, 2026. Counsel for United has stated that the Defendant maintains the motions are "without merit," "untimely," and "baseless." Despite Plaintiff's efforts to clarify that the evidence is on a United-issued work phone currently in United's possession, the parties have reached an impasse, necessitating this Motion.


*Plaintiff* Nonnie Berg, appearing pro se, respectfully moves this Court for an Order granting leave to supplement the record, restrict public access to Exhibit 4, and authorize electronic filing.

I. MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Plaintiff seeks leave to file the attached Supplemental Declaration regarding Exhibit 4, which contains a photograph of United's corporate hardware.

2. DISCOVERY CONDUCT:

United remains in 'possession, custody, or control' of the device under FRCP 34. Despite a formal Request for Production (RFP) served by previous counsel, United has failed to produce the work phone or its native data. This non-compliance has prevented the Plaintiff from entering this exculpatory evidence into the record earlier.

3. SUMMARY JUDGMENT IS PREMATURE UNDER CELOTEX

The Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that summary judgment is only appropriate "after adequate time for discovery." Because United has never produced the native ESI or system logs for the hardware in Exhibit 4, discovery is incomplete. Granting summary judgment now would violate this fundamental standard.

4. MANDATORY RELIEF UNDER RULE 56(D)

Under Federal Rule of Civil Procedure 56(d), if a party shows they cannot present facts essential to their opposition, the court may defer or deny the motion. The Tenth Circuit in Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184 (10th Cir. 2015), confirms that Rule 56(d) is the proper mechanism for a party to request additional time or discovery to rebut a summary judgment motion.

- Discovery Violation: Under FRCP 34, United is required to produce "tangible things" in its "possession, custody, or control". United has exclusively held my company work phone and has ignored formal requests for its data.
- Materiality: The phone contains the "COPY" response from Eric Fogelberg. Under Ellis v. United Airlines, the Court must view all facts in the light most favorable to me. The

"COPY" message proves I had permission to be away, making United's defense a pretext for discrimination.

Notice of Spoliation: If United has wiped this work phone while under a duty to preserve it, Plaintiff requests an adverse inference under FRCP 37(e), meaning the Court should assume the deleted messages would have proven my case.

## RULE 11 CERTIFICATION AND REBUTTAL TO DEFENDANT'S ALLEGATIONS

Under Federal Rule of Civil Procedure 11, Are not meant to harass or cause delay. Plaintiff certifies that the factual contentions in this motion have evidentiary support.

- Good Faith Basis: Contrary to Ms. Himmel's characterization of this motion as "baseless," Plaintiff specifically identifies a United-issued work phone containing a message from supervisor Eric Fogelberg stating "COPY" in response to Plaintiff's message "I'm back in the lobby."

- Due Diligence: The "lack of diligence" alleged by United is a direct result of United's own failure to comply with FRCP 34 and produce the native data from the work phone in its "possession, custody, or control."

- Former Employee Status: While Eric Fogelberg may be a former employee, the work phone and its Electronically Stored Information (ESI) remain the property and responsibility of United Airlines.

5. SPOLIATION AND THE DUTY TO PRESERVE

United's claim that Mr. Fogelberg is a "former employee" does not absolve them of their duty to preserve his data. In the Tenth Circuit, the duty to preserve arises when litigation is "reasonably anticipated." Turner v. Public Service Co. of Colorado, 563 F.3d 1136 (10th Cir. 2009). United was on notice the moment Plaintiff was terminated and had a binding duty to "freeze" Fogelberg's device data at that time.

II.  MOTION TO RESTRICT PUBLIC ACCESS (SEALING)

Plaintiff moves to restrict public access to Exhibit 4 to protect United's proprietary system data while ensuring the Court sees the metadata mismatch. Under Tenth Circuit standards, the Court has inherent power to seal documents where a party's interest in secrecy outweighs the public's right to access.

III. MOTION FOR PERMISSION TO FILE ELECTRONICALLY (CM/ECF)

Plaintiff respectfully requests e-filing privileges to manage this litigation effectively despite documented PTSD and concentration challenges. The Tenth Circuit provides for "liberal construction" of pro se filings, and e-filing will allow Plaintiff to comply with all court directives more accurately.

IV. DEFENDANT IS PRECLUDED FROM SUMMARY JUDGMENT UNDER BINDING PRECEDENT

1.   THE CELOTEX STANDARD REQUIRES DISCLOSURE:

Under Celotex Corp. v. Catrett, 477 U.S. 317 (1986), United may only move for summary judgment if there is an "absence of evidence." United cannot satisfy this burden while it remains in non-compliance with FRCP 34 by withholding the United-issued work phone. The Court cannot rule on a "no evidence" motion when the moving party is the sole custodian of the exculpatory evidence (Exhibit 4).

2. EVIDENCE OF PRETEXT MANDATES A TRIAL:

Tenth Circuit precedent (e.g., Stroup v. United Airlines, Inc., 26 F.4th 1147) holds that where a plaintiff provides evidence that an employer's explanation is factually false, a genuine issue of material fact exists as to pretext. The "COPY" message on the work phone—which United has failed to produce—is direct proof of a deceptive explanation. Either United must produce the device confirming the message exists, or the Court must deny Summary Judgment because a material dispute remains.

V.      CERTIFICATION REGARDING THE USE OF GENERATIVE ARTIFICIAL

INTELLIGENCE

Pursuant to the Standing Order Regarding the Use of Generative AI issued by Judge Nina Y. Wang, Plaintiff hereby certifies the following:

1.   Disclosure of Use: Plaintiff used generative artificial intelligence ("AI") to assist in researching and drafting portions of this filing.

2.  Verification of Accuracy: Every portion of this filing, including all legal citations, quotations, and factual assertions, has been independently reviewed and verified for accuracy by Plaintiff.

3.  No Fictitious Authorities: Plaintiff certifies that no portion of this filing contains fictitious cases or authorities.

4.  Responsibility for Content: As a pro se litigant, Plaintiff understands she is personally responsible for the entire content of this filing under Federal Rule of Civil Procedure 11.

### VI.. CONCLUSION

Summary judgment is a "drastic remedy" that should only be granted after a party has had "adequate time for discovery" (Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). In the Tenth Circuit, the court must defer or deny summary judgment when a nonmovant shows by affidavit that essential facts are unavailable due to incomplete discovery (Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184, 1206 (10th Cir. 2015)).

United's failure to produce the native ESI and system logs for the hardware in Exhibit 4—combined with their breach of the duty to preserve evidence from Eric Fogelberg's device (Turner v. Pub. Serv. Co. of Colo., 563 F.3d 1136, 1149 (10th Cir. 2009))—creates a genuine dispute of material fact that only a trial can resolve.

Accordingly, Plaintiff respectfully requests that this Court:

1.  Grant Leave to supplement the record with the hardware evidence in Exhibit 4;

2.  Restrict Public Access to Exhibit 4 to protect proprietary data; and

3.  Authorize Electronic Filing privileges to accommodate Plaintiff's health challenges.

Dated: March 13 2026

Respectfully submitted,

/s/NONNIE BERG

Nonnie Berg

CERTIFICATE OF SERVICE

I hereby certify that on March 13 and 16, 2026, I served a true and correct copy of the foregoing Application for Leave to File, Proposed Order, and Combined Motion via email to the following counsel of record for the Defendant:

Janet M. Himmel

Fisher Phillips LLP

jhimmel@fisherphillips.com

Micah Dawson

Fisher Phillips LLP

mdawson@fisherphillips.com

_____

Respectfully submitted,

/s/NONNIE BERG